Case 3:14-cv-02029-K-BF Document 21 Filed 07/20/15 Page 1 of 8 PageID 1505

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 20 2015
CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GREGORY V. LEE, § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:14-CV-2029-K (BF) |
| § | |
| CAROLYN W. COLVIN, Acting § | |
| Commissioner of Social Security, § | |
| Defendant. § | |

## FINDINGS, CONCLUSIONS & RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Gregory V. Lee ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying his claims for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act (the "Act") pursuant to 42 U.S.C. § 405(g). For the following reasons, the District Court should AFFIRM the final decision of the Commissioner.

## BACKGROUND

Plaintiff alleges that he is disabled due to a variety of ailments, including depression, hallucinations, fractured hip, and closed head injury. *See* Tr. [D.E. 15-4 at 23; 15-8 at 6]. After his application was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on January 10, 2013 in Dallas, Texas. *Id.* [D.E.15-4 at 20]. At the time of the hearing, Plaintiff was 48 years old. *Id.* [D.E.15-4 at 10]. Plaintiff has a college education. *Id.* [D.E.15-4 at 21]. Plaintiff has past work experience as a car salesman. *Id.* [D.E. 15-8 at 7]. Plaintiff has not engaged in substantial gainful activity since February 16, 2009. *Id.* [D.E. 15-4 at 6]. On February 6, 2013, the ALJ issued a decision finding Plaintiff not disabled. *See id.* [D.E. 15-4 at 14]. The ALJ determined that while Plaintiff has the following severe

impairments: degenerative joint disease of the left shoulder status post rotator cuff repair, spondylosis of the lumbar spine at L3 through S1, coronary artery disease status post stent placement, deep vein thrombosis of the left femoral to left popliteal, status post diverticula disease resection, diabetes mellitus, and hypertension, Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). *See id.* [D.E. 15-4 at 6-8]. The ALJ also determined that Plaintiff's depression was "severe" under the Stone definition, but "nonsevere" under the regulations. *See id.* [D.E. 15-4 at 7].

The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he can occasionally climb ramps and stairs, and never climb ladders, ropes, or scaffolds. *See id.* [D.E. 15-4 at 9]. Further, the ALJ limited Plaintiff to occasional reaching and handling with his left shoulder and occasional handling with his right hand. *See id.* [D.E. 15-4 at 9]. In addition, the ALJ determined that Plaintiff must avoid concentrated exposure to cold, vibrations, and hazards. *See id.* [D.E. 15-4 at 9]. The ALJ determined that Plaintiff was capable of performing his past relevant work as a car salesperson. *See id.* [D.E. 15-4 at 14]. While Plaintiff was represented by counsel before the ALJ, Plaintiff proceeds *pro se* before this Court.

## **LEGAL STANDARDS**

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the

inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d

431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). Where as here, the plaintiff is proceeding *pro se* before the district court, the Court iberally construes the arguments in the plaintiff's brief. *See Williams v. Colvin*, No. 5:14-CV-125-C, 2015 WL 566700, at * (N.D. Tex. Feb. 10, 2015) (citing *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 629 (5th Cir. 2014)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

Absent an error that affects the substantial rights of a party, administrative proceedings do not require "procedural perfection." *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 2931884, *5 (N.D. Tex. June 30, 2014) (citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). Procedural errors affect substantial rights of a party only when the errors "cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). Remand is required where there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error. *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010). Further, "[t]he ALJ is not required to discuss every piece of evidence in the record nor must the ALJ

follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013).

## ANALYSIS

Plaintiff argues in his brief that he is disabled due to the following impairments: he has difficulty walking due to surgical removal of a non-cancerous cyst/mass from his spine; his neck has lost most of its muscle which makes it difficult for him to hold up his head for more than an hour; he requires a second surgery on his shoulder due to a massive tear but he is unable to have another surgery due to his diabetes; and he is barely able to use the restroom at times because he is unable to walk when his legs swell up. *See* Pl.'s Br. [D.E. 19 at 3]. Further, Plaintiff contends that his personal physician will not release him for work because his shoulder post-surgery prevents him from lifting anything over ten pounds. *See id.* [D.E. 19 at 3]. The Commissioner argues that substantial evidence supports the ALJ's decision that Plaintiff was not disabled, the ALJ properly evaluated all of Plaintiff's impairments, the ALJ properly assessed Plaintiff's RFC, and the ALJ properly found Plaintiff could perform his past relevant work. Def.'s Br. [D.E. 20 at 8-17].

Because the ALJ found that Plaintiff could perform his past relevant work at step four of the sequential analysis, the burden of proof is on Plaintiff to show that he is not capable of performing his past relevant work as a car salesman. *See Leggett*, 67 F.3d at 564. The occupation of a car salesperson is described in the Dictionary of Occupational Titles as a light, semi-skilled job. *See* Tr. [D.E. 15-4 at 14]. While Plaintiff argues that he is unable to work because he has difficulty walking, he has difficulty holding his head up for more than an hour, and he has difficulty using the restroom when his legs swell up, Plaintiff's "subjective complaints must be corroborated at least in part by objective medical testimony." *See* Pl.'s Br. [D.E. 19 at 3]; *Harrell v. Bowen*, 862 F.2d 471, 481 (5th

5

Cir. 1988). The ALJ took into consideration Plaintiff's impairments that are substantiated by medical evidence. Tr. [D.E. 15-4 at 10-11]. State agency medical consultant Dr. John Durfor's RFC assessment supports the ALJ's conclusion that Plaintiff can perform light work with some limitations.[1] *See id.* [D.E. 16-4 at 2-9]. The ALJ noted that Dr. Durfor determined, after reviewing key medical and other evidence of record, that Plaintiff retained the ability to stand and walk 6 hours a day and lift 20 pounds occasionally. *See id.* [D.E. 15-4 at 12]. While Plaintiff states in his brief that his physician will not release him for work because he cannot lift anything over 10 pounds post-shoulder surgery, the record does not substantiate this contention. *See* Pl.'s Br. [D.E. 19 at 3]. The ALJ also noted that in October of 2012, Plaintiff denied pain or swelling in his legs during his visit with Dr. Nirmala Mathal. *See* Tr. [D.E. 15-4 at 12; 16-4 at 11]. Further, the ALJ observed that Plaintiff's course of treatment was conservative, he never underwent surgery on his back, he did not receive epidural steroid injections, and he did not require the use of an assistive device for ambulation. *See id.* [D.E. 15-4 at 12]. In addition, the ALJ observed that Dr. Durfor was the only physician of record, treating or non-treating, to offer an opinion on the medical reasonableness of Plaintiff's symptoms. *See id.* [D.E. 15-4 at 13]. Dr. Durfor opined that Plaintiff "may be somewhat limited by his symptoms, but the impact of these symptoms does not wholly compromise his capacity for basic work activities . . . . The alleged functional limitations and restrictions due to symptoms are not wholly consistent with the objective evidence to the degree of the alleged limitations." *See*

---

1. (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 CFR § 404.1567(b).

*id.* [D.E. 16-4 at 7].

While the undersigned liberally construed Plaintiff's *pro se* brief, the undersigned is not able to find that Plaintiff met his burden of demonstrating that he is unable to perform his past relevant work. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.") (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)). The record demonstrates that the ALJ considered Plaintiff's subjective complaints, along with the medical records and concluded that Plaintiff could perform his past relevant work. Hence, the ALJ properly assessed the limitations set forth by Plaintiff's impairments, but nevertheless concluded that Plaintiff is not disabled. Because the ALJ's determination is supported by substantial evidence, the final decision of the Commissioner should be affirmed.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the District Court AFFIRM the final decision of the Commissioner.

SO RECOMMENDED, this ___ day of _____, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).